UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CAPERS, JR.,

        Plaintiff,

v.                                                          CASE NO. 08-12215
                                                        HONORABLE JOHN CORBETT O'MEARA

ADAM A. SHAKOOR,

        Defendant.
_____/

## **ORDER OF DISMISSAL**

Plaintiff William Capers, Jr., is a prisoner currently confined in a correctional facility in Missouri. He has sued attorney Adam A. Shakoor of Detroit, Michigan in a *pro se* civil rights complaint for monetary and injunctive relief under 42 U.S.C. § 1983. The complaint alleges that the Probate Court of Wayne County, Michigan appointed defendant Shakoor as the personal representative for the estate of William Capers, Sr. Plaintiff claims to be the lawful heir of the senior Mr. Capers' estate. He alleges that defendant Shakoor attempted to defraud him and was deceitful in his duties as personal representative of the estate.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. His civil rights complaint may be dismissed in whole or in part if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that the defendant

acted under color of state law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

A personal representative charged with the settlement of a private individual's estate in probate proceedings does not act under color of law. *Loyd v. Loyd*, 731 F.2d 393, 398 (7th Cir. 1984). Although appointed by a court, personal representatives act in a private capacity and not as functionaries of the state. *Id*. Plaintiff's complaint therefore lacks an arguable basis in law, and it is dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

An appeal from this order also would be frivolous and could not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). Therefore, Plaintiff may not pursue an appeal from this order *in forma pauperis*.

SO ORDERED.

s/John Corbett O'Meara
United States District Judge

Date: June 30, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 30, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager

2